UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN L. OWENS,<br>    Petitioner,<br>    v.<br>RON DAVIS, Warden,<br>    Respondent. | Case No. 16-03628 EJD (PR)<br>**ORDER OF DISMISSAL** |

    Petitioner, a California prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his continued confinement. Petitioner has paid the filing fee. (Docket No. 6.)

**BACKGROUND**

    According to the petition, Petitioner was found guilty of kidnapping to commit a robbery by a jury in Alameda County Superior Court. (Pet. at 2.) Petitioner was sentenced to an indeterminate sentence of life with the possibility of parole on March 10, 1989. (Pet. Attach. at 2.)

    Petitioner filed state habeas petitions raising the claim in the instant petition in the state superior, appellate, and high courts without success. (Pet. Ex. 1.) The state high

court summarily denied the petition on May 11, 2016.  (Id.)

Petitioner filed the instant federal habeas petition on June 25, 2016.

## DISCUSSION

**A.     Standard of Review**

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

**B.     Legal Claims**

Petitioner claims that he has been confined passed his first eligible release date of August 1994, and that he is now serving a "disproportionate" sentence. (Pet. Attach. at 3.) In support of his claim, Petitioner only provides citations to state law. (Pet. at 6.) Because of his reference to disproportionality, the Court will liberally construe the claim as a violation of the Eighth Amendment.

The Eighth Amendment contains a "narrow" proportionality principle. Graham v. Florida, 560 U.S. 48, 59-60 (2010). This principle "'does not require strict proportionality between crime and sentence' but rather 'forbids only extreme sentences that are grossly disproportionate to the crime.'" Id.; see Solem v. Helm, 463 U.S. 277, 303 (1983) (sentence of life imprisonment without possibility of parole for seventh nonviolent felony violates 8th Amendment). "[O]utside the context of capital punishment, successful challenges to the proportionality of particular sentences will be exceedingly rare." Solem, 463 U.S. at 289-90; see also Crosby v. Schwartz, 678 F.3d 784, 795 (9th Cir. 2012) ("Circumstances satisfying the gross disproportionality principle are rare and extreme, and

constitutional violations on that ground are 'only for the extraordinary case.'") (citing Lockyer v. Andrade, 538 U.S. 63, 77 (2003)).

Under this proportionality principle, the threshold determination for the court is whether petitioner's sentence is one of the rare cases in which a comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality. See Norris, 622 F.3d at 1290; United States v. Bland, 961 F.2d 123, 129 (9th Cir. 1992) (quoting Harmelin, 501 U.S. at 1005); accord Ewing, 538 U.S. at 11-12 (applying Harmelin standard); see, e.g., Norris, 622 F.3d at 1292-96 (concluding that sentence of life without possibility of parole for conviction of first degree child molestation of 5-year-old girl, where touching was brief and over clothing, was not grossly disproportionate).

Petitioner was convicted of kidnapping with the intent to commit a robbery under Penal Code section 209(b), which is a felony. Section 209(b) explicitly states that the punishment is "life with the possibility of parole." Accordingly, Petitioner's sentence was clearly within statutory limits. With respect to disproportionality, the Court is not persuaded that Petitioner's sentence one of those "rare cases" in which there is an inference of gross disproportionality, especially when compared to Norris which involved a sentence of life *without* the possibility of parole for a serious felony that was found not grossly disproportionate. *Id.* Here, Petitioner's crime was also a serious felony but he received a sentence *with* the possibility of parole. The fact that parole has not been granted does not per se state to a constitutional violation. Only where Petitioner was not afforded procedural protections, which entitles a prisoner to nothing more than a fair hearing and a statement of reasons for a parole board's decision, does he state a due process violation warranting federal habeas relief. See Swarthout v. Cooke, 562 U.S. 216, 220 (2011). Petitioner makes no such allegations in the instant petition. Accordingly, the petition is DISMISSED for failure to state a claim.

///

///

3

## CONCLUSION

For the foregoing reasons, the petition is DISMISSED for failure to state a cognizable claim for federal habeas relief.

**IT IS SO ORDERED.**

Dated: 10/27/2016



EDWARD J. DAVILA
United States District Judge

Order of Dismissal
PRO-SE\EJD\HC.16\03628Owens_dism(ftsac)

4